**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nancy Blue, c/o Current Realty Solutions, <br><br> Plaintiff, <br><br> v. <br><br> Douglas Vore, and any and all occupants, <br><br> Defendant. | No. CV12-1118-PHX-DGC <br><br> **ORDER** |

Defendant Douglas Vore removed this case from Apache Junction Justice Court. Doc. 1. Plaintiff Nancy Blue, c/o Current Realty Solutions, has filed an expedited motion to remand. Docs. 3, 4. Defendant moves to quash the state court's judgment. Doc. 5. The Court will grant the motion to remand and deny the motion to quash.

**I.    Background.**

Plaintiff owns the subject premises at 276 W. Santa Gertrudis Trail, Queen Creek, AZ 85143 ("the Premises"). Plaintiff sent a written demand of surrender and possession to Defendant on May 16, 2012. Doc. 1, at 8. Defendant failed to vacate the Premises. Doc. 3, at 2. On or about May 25, 2012, Plaintiff filed the underlying eviction action in Apache Junction Justice Court to obtain possession of the Premises pursuant to A.R.S. § 12-1173. Doc. 1, at 7.

Defendant failed to appear at the initial hearing scheduled for May 29, 2012, at which time a default judgment was entered. Doc. 3, at 2; Doc. 3-1, at 1. Defendant filed a notice of removal to this Court on May 25, 2012 (Doc. 1), and admits that he did not

notify the Apache Junction Justice Court of the removal until after default judgment was entered (Doc. 3-2).

## II.     Legal Standard.

Pursuant to 28 U.S.C. § 1441(a), district courts have removal jurisdiction over any claim that originally could have been brought in federal court. *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 686-87 (9th Cir. 2007). The party asserting federal jurisdiction bears the burden of proof on a motion to remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removal statute is strictly construed against removal jurisdiction. *Id.* (citing *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)). There is a "strong presumption" against removal jurisdiction, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Id.*

## III.    Discussion.

Defendant removed this case to federal court based on diversity jurisdiction. Doc. 1, at 2. In order to invoke the Court's diversity jurisdiction, Defendant must show that both that he and Plaintiff are not residents of the same state and that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332 (setting forth requirements for diversity jurisdiction). Defendant asserts that diversity jurisdiction exists because he is preparing a counterclaim against Plaintiff, which will include additional indispensable defendants from outside Arizona, and because the amount in dispute exceeds $75,000. Doc. 1, at 2. Defendant may not invoke removal jurisdiction simply by asserting a federal defense, *Clinton v. Acequia, Inc.*, 94 F.3d 568, 570 (9th Cir. 1996), and the requisite diversity must exist at the time the action is removed to federal court, *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985). Furthermore, even where there is diversity between the parties, a federal court may not exercise jurisdiction where the moving defendant is a resident of the forum state. 28 U.S.C. § 1441(b). Defendant lists an Arizona address and admits that he is a resident of the state. Doc. 1, at 2. Removal under diversity jurisdiction is therefore improper.

In the petition for removal, Defendant also appears to allege due process violations and asks the Court to review the constitutionality of Arizona's non-judicial foreclosure process. Doc. 1, at 2. To determine the presence or absence of federal jurisdiction, however, the Court applies the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998). Rather, the federal issue "must be disclosed on the face of the complaint, unaided by the answer or by the petition for removal." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 113 (1936). Here, the underlying action is brought under A.R.S. § 12-1173 to obtain possession of the Premises, and does not raise a federal question. Even if Defendant were to assert a counterclaim based on federal law, such a counterclaim would not create a federal question for jurisdictional purposes. *Takeda v. Nw. Nat. Life Ins. Co.*, 765 F.2d 815, 821-22 (9th Cir. 1985) (holding that federal question jurisdiction does not arise from the defenses or counterclaims alleged by a defendant).[1]

**IV.   Attorneys' Fees and Costs.**

Section 1447(c) provides that a district court may require payment of just costs and attorneys' fees incurred as a result of an improper removal. 28 U.S.C. § 1447(c). Generally, costs and fees should only be awarded when the removing party has no "objectively reasonable basis for removal." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (internal quotation omitted). Plaintiff argues that an award of attorneys' fees is proper because Defendant removed the case for the sole purpose of delay and

---

[1] Plaintiff asks the Court to validate the Apache Junction Justice Court's default judgment, which was entered before the state court received notification of the removal. Doc. 3, at 5. Defendant moves to quash the default judgment for lack of jurisdiction because he filed the notice of removal before the judgment was entered. Doc. 5. Because this case is remanded for lack of subject matter jurisdiction, the Court will take no action with respect to the state court judgment.

harassment. Doc. 3, at 6.  Defendant's notice of removal includes three ultimately flawed arguments for jurisdiction in this Court.  Doc. 1, at 2.  While the Court recognizes that pro se litigants must follow the same rules of procedure that govern other litigants, *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986), the Court cannot conclude that Defendant necessarily knew that there was no basis for the removal and only filed the pleadings to delay the underlying action.  The Court will therefore deny Plaintiff's request for attorneys' fees and costs.

**IT IS ORDERED:**

1. Plaintiff's expedited motion to remand (Docs. 3, 4) is **granted**.
2. Plaintiff's request for attorneys' fees is **denied**.
3. The Clerk shall remand this action to Apache Junction Justice Court.

Dated this 5th day of June, 2012.

_____
David G. Campbell
United States District Judge